SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI
MARIVIC P. DAVID
Assistant United States Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam  96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

 

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER A. RHODES,<br><br>Defendant. | CRIMINAL CASE NO.  26-00003<br><br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, by and through Shawn N. Anderson, United States Attorney for the Districts of Guam and the NMI, and Marivic P. David, Assistant United States Attorney for the Districts of Guam and the NMI, and Defendant, CHRISTOOPHER A. RHODES ("Defendant" or "RHODES") and the Defendant's counsel, LOUIE J. YANZA, agree to the following Plea Agreement:

1.     Guilty Plea and Maximum Statutory Penalties:

The Defendant, CHRISTOPHER A. RHODES, agrees to plead guilty to an Information filed on February 2, 2026, charging the Defendant with Driving While Impaired, in violation of 18 U.S.C. §§ 7(3) and 13, and 9 G.C.A § 92102. The Defendant understands that the charge contained in the

PLEA AGREEMENT - 1

Information is a Class A misdemeanor. The Defendant also understands that a conviction for Driving While Impaired (BAC) carries a maximum penalty of imprisonment for not less than a mandatory forty-eight hours nor more than one year imprisonment; a fine of not less than $1,000.00 nor more than $5,000.00; together with any restitution as the court may order; a term of supervised release of not more than one year; and a $25 special penalty assessment. Additionally, the court shall suspend the Defendant's operator's or chauffeur's license to drive in the special maritime and territorial jurisdiction of the United States for a period of six (6) months.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2.      The Court's Role in Plea and Sentencing Procedure:

The Court is not a party to this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

PLEA AGREEMENT - 2

The Defendant understands that the Court shall accept the Defendant's unconditional guilty plea as long as it meets the requirements of Fed. R. Crim. P. 11(b). The Court will therefore conduct a limited inquiry to determine whether the Defendant's plea is knowing, voluntary and intelligent, and has a sufficient factual basis.

3.    Waiver of Constitutional Rights:

The Defendant, CHRISTOPHER A. RHODES, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a)    The right to a jury trial;

b)    The right to see, hear and question the witnesses;

c)    The right to remain silent at trial;

d)    The right to testify at trial; and

e)    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4.    Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Driving While Impaired, in violation of 18 U.S.C. §§ 7(3) and 13, and 9 G.C.A § 92102, the United States would have to prove beyond a reasonable doubt the following elements:

First, the defendant was operating and/or in physical control of his vehicle;

Second, that while operating and/or physically controlling his vehicle, the defendant had eight one-hundredths of one percent (0.08%) or more by weight, of alcohol in his blood; and

PLEA AGREEMENT - 3

Third, that the defendant's conduct occurred within the special maritime and territorial jurisdiction of the United States, on land acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof, under 18 U.S.C. § 7(3).

5. Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for CHRISTOPHER A. RHODE's guilty plea.

The Defendant was born in 1969 and is a citizen of United States.

On May 2, 2025, at Andersen Air Force Base, on land acquired for the use of the United States, in the District of Guam, the defendant, CHRISTOPHER A. RHODES, did operate a 2021 Toyota Tundra, LP CP6620, while under the influence of alcohol in violation of Title 9 Guam Code Annotated, Section 92102, and Title 18, United States Code, Sections 7(3) and 13. After failing filed sobriety tests administered by Andersen Air Force Base Security personnel, the defendant took a breathalyzer test that indicated that his blood alcohol content level was at two hundred four one thousandths of one percent (.204%) by weight of alcohol in his blood, exceeding the legal limit of eight one-hundredths of one percent (0.08%).

6. Waiver of Inadmissibility of Statements:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States's case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

//

PLEA AGREEMENT - 4

**7. The United States Agrees:**

    a)     Not to File Additional Charges:

The United States Attorney's Office for the Districts of Guam and the NMI agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

**8. United States Sentencing Guideline Calculations:**

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing. In determining a sentence, the Court is obligated to consider that range, possible departures or variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

    a)     Base Offense Level:

The United States and the Defendant agree that the base offense level for Driving While Impaired, in violation of 18 U.S.C. §§ 7(3) and 13, and 9 G.C.A § 92102, a Class A misdemeanor, is 6. *See* U.S.S.G. § 2X5.2.

    b)     Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than April 10, 2026, the United States will move for a two (2) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a).

//

PLEA AGREEMENT - 5

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a two (2) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $25 mandatory special penalty assessment to the Clerk of Court for the District of Guam immediately after sentencing.

Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level would be 4.

c) Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

9. Incarceration:

a) Length of Imprisonment:

The United States and the Defendant agree to recommend that the Court impose a sentence of forty-eight (48) hours imprisonment.

10. Criminal Fine:

The United States and the Defendant agree to recommend that Defendant shall pay a fine of $1,000.

11. Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a one-year term of supervised release with standard conditions of supervised release.

PLEA AGREEMENT - 6

12. <u>Mandatory Special Penalty Assessment:</u>

The Defendant agrees to pay the $25 mandatory special penalty assessment to the Clerk of Court for the District of Guam immediately after sentencing, pursuant to 18 U.S.C. § 3013.

13. <u>Financial Disclosure Obligations:</u>

Defendant agrees to submit to the United States Attorney's Office for the Districts of Guam and the NMI, within three weeks of the execution of this plea agreement, a complete, accurate and truthful financial statement and accompanying releases, in a form it provides and as it directs. Defendant agrees to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Defendant authorizes the United States Attorney's Office for the Districts of Guam and the NMI to obtain a credit report on him to evaluate his ability to satisfy any financial obligation imposed by the Court.

Defendant understands and agrees that any monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States, pursuant to 18 U.S.C. § 3613. Defendant understands that, by law, interest accrues on any remaining balance of the debt. Defendant agrees not to dissipate assets. If Defendant is financially unable to immediately pay any monetary penalties in full, Defendant agrees: (a) to cooperate with the United States Attorney's Office; (b) to provide updated financial statements upon request by the United States Attorney's Office and to keep the office advised about Defendant's current address; and (c) for his debt to be placed on the Treasury Offset Program and any tax refund/rebate offset program existing in his state of residency. Defendant understands that any funds captured by an offset program will be paid towards his monetary penalties but does not relieve him of his obligation to pay the monetary penalties in full.

//

//

PLEA AGREEMENT - 7

14. Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15. Appeal Rights:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

16. Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Districts of Guam and the NMI, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

//

//

//

//

PLEA AGREEMENT - 8

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Districts of Guam and the NMI.

Shawn N. Anderson
United States Attorney

_____          3/18/26
MARIVIC P. DAVID                     Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____          3 15 2026
CHRISTOPHER A. RHODES                Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____          3/18/2026
LOUIE J. YANZA                       Date
Attorney for the Defendant

PLEA AGREEMENT - 9